BRONSON A. BOOTH, PLAINTIFF-RESPONDENT, v. BOARD OF ADJUSTMENT OF THE TOWNSHIP OF ROCKAWAY, THE TOWNSHIP OF ROCKAWAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS, AND SHAHMOON INDUSTRIES, INC., A CORPORATION, DEFENDANT-APPELLANT.

BRONSON A. BOOTH, PLAINTIFF-APPELLANT, v. BOARD OF ADJUSTMENT OF THE TOWNSHIP OF ROCKAWAY, THE TOWNSHIP OF ROCKAWAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND SHAHMOON INDUSTRIES, INC., A CORPORATION, DEFENDANTS-RESPONDENTS.

Argued September 12, 1967—Decided November 6, 1967.

*Mr. Morris M. Schnitzer* argued the cause for plaintiff-appellant-respondent Bronson A. Booth (*Mr. Waldron Kraemer,* on the brief; *Mr. Schnitzer,* of counsel; *Messrs. Kasen, Schnitzer & Kraemer,* attorneys).

*Mr. Paul R. Nusbaum* argued the cause for defendant-appellant Shahmoon Industries, Inc.

*Mr. George H. Harbaugh* argued the cause for defendants-respondents Board of Adjustment of The Township of Rockaway and The Township of Rockaway.

The opinion of the court was delivered

PER CURIAM. This appeal involves a municipal permission granted Shahmoon Industries, Inc. (Shahmoon) to build and operate a bituminous concrete (blacktop) plant on its property.

Shahmoon conducts various mining and quarrying operations on a 22-acre portion of a 2,200-acre tract which it owns in Rockaway Township. The balance of the 2,200 acres remains in its natural state, although the entire tract is zoned for mining and quarrying as well as residential use. In February 1964 Shahmoon sought permission to add the

blacktop plant, approximately 75′ x 100′, to the existing complex, which included a ready-mix concrete plant, a concrete blocking plant, and a heavy media plant.

Defendant, Board of Adjustment of Rockaway Township, initially found that the blacktop operation was an accessory use to Shahmoon's mining and quarrying operations and directed issuance of a building permit. This determination was made on March 25, 1964. Thereafter, the plant was completed by Shahmoon in June 1964.

Plaintiff, a resident and taxpayer of Rockaway Township, sought to reverse the determination by an action in lieu of prerogative writs filed on May 14, 1964. The trial court determined that the use was not an accessory one to the mining and quarrying operations conducted by Shahmoon and invalidated the building permit. Shahmoon appealed. Pending the appeal the trial court stayed the judgment so that Shahmoon could continue its operation of the plant.

The Appellate Division affirmed on February 28, 1966 and, thereafter, we granted certification to Shahmoon on its petition. 47 *N. J.* 242 (1966).

While that appeal was pending, Shahmoon filed a variance application with the Board of Adjustment, which took testimony and thereafter recommended to the Township Committee that Shahmoon's application be granted. On September 14, 1965 the governing body granted the variance.

Plaintiff filed another action in lieu of prerogative writs challenging the grant of the variance. The trial court upheld the grant of the variance by the municipal bodies, finding that a blacktop plant would tend to promote the general welfare of the community and that special reasons existed for the granting of the variance. It found against Shahmoon on its request for determinations that plaintiff had no standing to sue, and that "a hardship variance" had been proved by Shahmoon.

Plaintiff filed a notice of appeal in the Appellate Division, and then moved for certification before argument. We granted permission to consolidate the two cases before us.

We find first that plaintiff, as a citizen and taxpayer of Rockaway Township, had standing to challenge the establishment of a blacktop plant in a mining district. In view of the prevalence of mining and quarrying operations in the Township, the contemplated blacktop use had a potential impact on the integrity of the zoning plan and the community welfare sufficient to permit the intervention of a citizen and taxpayer. *Cf. Kozesnik v. Montgomery Twp.*, 24 *N. J.* 154, 177–178 (1957); *Bergen County v. Port of N. Y. Authority, et al.*, 32 *N. J.* 303, 311, 318–319 (1960); *Schultze v. Wilson*, 54 *N. J. Super.* 309, 319 (*App. Div.*), certification denied 29 *N. J.* 511 (1959); *Mocco v. Job,* 56 *N. J. Super.* 468 (*App. Div.* 1959).

The question of accessory use must be considered in the context of the local provisions governing zoning in Rockaway Township, especially those relating to the mining district in which Shahmoon's property was contained. *Article 13* of the local ordinance provides:

"This zone [mining district] is designed to encourage the proper utilization of * * * natural materials * * *."

And *Article 3, Section 302,* defines "accessory use" as:

"A use naturally and normally incident and subordinate to the main use of the premises."

Interpreting the above provisions, the local board of adjustment found that a blacktop plant could be classified as an accessory use to mining and quarrying operations. Both the trial court and the Appellate Division disagreed.

We reverse and reinstate the decision of the local body.

The facts adduced before the local body indicated, *inter alia,* that approximately 95% of the blacktop material would come from the existing quarrying operation, that the blacktop operation would use only a small number of employees in comparison to the surrounding complex, that some elements of the blacktop plant could be utilized both by the

new operation and the existing facilities, and that quarrying operations often function in conjunction with blacktop plants. In *Kramer v. Bd. of Adjust., Sea Girt,* 45 *N. J.* 268, 296–297 (1965), we pointed out that public bodies such as here involved, because of their peculiar knowledge of local conditions, must be allowed wide latitude in the exercise of their delegated discretion. Giving due weight to the judgment of the local authorities, the particular local ordinance, and the unique local conditions, we find that the Board's decision deeming the blacktop plant an accessory use should be affirmed. See *Jantausch v. Borough of Verona,* 24 *N. J.* 326, 334–335 (1957); *Ward v. Scott,* 16 *N. J.* 16, 23 (1954).

Because the blacktop plant is supportable as an accessory use, we find it unnecessary to decide whether the grant of a variance was proper.

Reverse, no costs.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, SCHETTINO and HANEMAN.—5.

*For affirmance*—None.