BOARD OF EDUCATION OF THE TOWNSHIP OF DEPTFORD, PETITIONER–RESPONDENT, v. MAYOR AND COUNCIL OF THE TOWNSHIP OF DEPTFORD, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 11, 1988—Decided May 13, 1988.

Before Judges PETRELLA, BAIME and ASHBEY.

*Albertson, Ward & McCaffrey,* attorneys for appellant (*Eugene J. McCaffrey, Jr.* on the brief).

*Zane, Lozuke & Parsons,* attorneys for respondent Board of Education of the Township of Deptford (*Raymond J. Zane* on the letter brief).

*W. Cary Edwards,* Attorney General of New Jersey, attorney for respondent State Board of Education (*James J. Ciancia,* Assistant Attorney General, of counsel; *Marlene Zuberman,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

The Deptford Township Board of Education (local Board) successfully appealed to the Commissioner of Education (Commissioner) from a decision by the Mayor and Council of the Township of Deptford (governing body) which reduced the proposed 1986–1987 school budget after it had been rejected by the voters of the township on April 15, 1986.

The Commissioner rejected an initial decision by an Administrative Law Judge (ALJ), determining that the governing body had failed to provide a statement of reasons when it made its reductions, dismissed the answer to the petition and reinstated the entire amount which the governing body had removed from the budget. The Commissioner relied on his interpretation of *Bd. of Ed., E. Brunswick Tp. v. Tp. Council, E. Brunswick,* 48 *N.J.* 94, 105–106 (1966). On appeal to the State Board the Commissioner's determination was affirmed.

The facts are not complicated. On April 15, 1986 the Township voters rejected the local Board's proposed 1986–1987 budget. The rejected budget was then submitted to the governing body [1] pursuant to *N.J.S.A.* 18A:22–37. On May 6, 1986 the Township manager sent a letter to the Assistant Superintendent and Board Secretary of the local Board indicating $611,528 in proposed line item reductions of the rejected proposed bud-

---

[1] We are not advised of the date this was done.

get. The letter also requested an open public meeting between the parties to resolve those disputed reductions on or before Thursday, May 8, 1986. No such meeting occurred and on May 8 the governing body made certain reductions in the rejected proposed budget and certified those reductions to the County Board of Taxation under *N.J.S.A.* 18A:22-37. The local Board notified the governing body on May 16, 1986 of its intent to appeal to the Commissioner. The petition of appeal was filed by the local Board with the Commissioner on May 20, 1986. On May 21, 1986 the local Board and governing body met with the County Superintendent of Schools, and as a result, on May 22, 1986 the governing body revised the proposed reductions to $183,300, and certified this reduced budget to the County Board of Taxation.[2] This revised budget did not include a list of reasons for the proposed reductions.

On June 13, 1986 the local Board filed an amended petition with the Commissioner challenging the $183,300 in reductions. The governing body filed an answer which gave reasons for the reduction and the matter was listed as a contested case to be heard by an ALJ.

A hearing was held on November 14 and 21, 1986 before the ALJ. The Assistant Superintendent of the local Board and the Township manager gave lengthy testimony regarding the propriety of the proposed reductions. The local Board's motion at the close of the hearing for a summary decision reinstating all the proposed reductions due to the governing body's failure to provide a statement of reasons at the time the budget was certified to the County Board of Taxation was denied. The ALJ in his initial decision of March 9, 1987 reinstated approximately $79,950 of the proposed reductions in the current expense budget, but recommended, for reasons stated in his opinion,

---

[2]We are not told if this post-appeal meeting was the only meeting held between the two entities. If so, it would be contrary to the spirit of *N.J.S.A.* 18A:22-37. The final reduction amounted to approximately 2% of the local Board's proposed 1986-1987 school budget.

that the balance of the reductions ($102,350) be sustained. The ALJ also found that the governing body's answer to the local Board's petition for appeal adequately provided a line-by-line statement of reasons for each reduction in a timely manner.

Neither the Commissioner nor the State Board reached the merits of the issues before the ALJ, electing instead to dismiss the case on procedural grounds by relying on their interpretation of *East Brunswick*. On April 21, 1987 the Commissioner found that the governing body's statement of reasons filed in its answer was untimely and lacked adequate specificity. He therefore directed that $183,300 be restored and added to the $8,020,389 previously certified to the County Board of Taxation for the 1986–1987 school year.[3] The State Board agreed.

On this appeal the governing body argues that the record below established that its reduction of the budget was reasoned and proper; the reasoning of *East Brunswick* was codified in *N.J.A.C.* 6:24–7.5 and did not require the governing body to include in its certifying resolution specific reasons for line item reductions; the reductions were not substantial and did not even fall within the ambit of the *East Brunswick* decision; the State Board and Commissioner erred in setting aside the initial decision of the ALJ, and that reinstatement of all the proposed reductions would be a miscarriage of justice.

*N.J.S.A.* 18A:22–37 states:

> If the voters reject any of the items submitted at the annual school election, the board of education shall deliver the proposed school budget to the governing body of the municipality, or of each of the municipalities included in the district within 2 days thereafter. The governing body of the municipality, or of each of the municipalities, included in the district shall, after consultation with the board, and by April 28, determine the amount which, in the judgment of said body or bodies, is necessary to be appropriated, for each item appearing in such budget, to provide a thorough and efficient system of schools in the district, and

---

[3]This was notwithstanding the fact that before the ALJ the local Board had conceded that approximately $36,000 of the disputed amount was not required in its budget.

certify to the county board of taxation the totals of the amount so determined to be necessary for each of the following:

   a.  Current expenses of schools;

   b.  Vocational evening schools or classes;

   c.  Evening schools or classes for foreign-born residents;

   d.  Appropriations to capital reserve fund; or

   e.  Any capital project, the cost whereof is to be paid directly from taxes to be assessed, levied and collected in such municipality or municipalities for such purposes.

Within 15 days after the governing body of the municipality or of each of the municipalities included in the district shall make such certification to the county board of taxation, the board of education shall notify such governing body or bodies if it intends to appeal to the commissioner the amounts which said body or bodies determined to be necessary to be appropriated for each item appearing in the proposed school budget.

The requirements for an answer to the petition of appeal from a proposed budget reduction pursuant to the quoted statute are set forth in *N.J.A.C.* 6:24–7.5:

(a) The governing body shall submit with its answer the following documents:

   1.  The amount certified for each of the major accounts;

   2.  Line item budget stating recommended specific economies together with supporting reasons.

The central issue in this appeal is whether the governing body filed a timely statement of reasons justifying the $183,300 reduction from the local Board's proposed $8,203,689 budget.

We acknowledge that decisions of administrative agencies, where based on fact-findings, are generally reviewed under the standard of whether the findings made could reasonably have been reached on sufficient credible evidence present in the record. See, *e.g., Close v. Kordulak Bros.*, 44 *N.J.* 589, 599 (1965). Moreover, due deference is given to the expertise of an agency where that expertise is a pertinent factor. *Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85, 92–93 (1973); *De Vitas v. New Jersey Racing Com'n*, 202 *N.J.Super.* 484, 489 (App.Div.1985), certif. den. 102 *N.J.* 337 (1985). When the issue is one of law, however, the court must decide if the Commissioner and State Board appropriately applied the law, and the administrative decision carries no presumption of validity. *Parsippany–Troy Hills Ed. Ass'n v. Bd. of Ed.*, 188

*N.J.Super.* 161, 165 (App.Div.1983), certif. den. 94 *N.J.* 527 (1983).

On the appeal we review the order and decision of the administrative agency, not the recommended findings and conclusions of the ALJ. *State, Dept. of Health v. Tegnazian,* 194 *N.J.Super.* 435, 449 (App.Div.1984). However, in order for the agency determination to be upheld, if it does not follow the ALJ's recommendation, the agency must make findings which establish that the ALJ's conclusions have been seriously studied in order that the agency action be found to be supported by substantial credible evidence in the record. *Id.* at 450. The State Board's interpretation of its procedures may be entitled to deference if its application of those procedures is otherwise appropriate. Whether the governing body must file a statement of reasons with its certifying resolution under *N.J.S.A.* 18A:22–37 is a legal issue and deference need not be accorded the State Board's or the ALJ's resolution thereof.

*N.J.S.A.* 18A:22–33 requires that a local board submit its annual budget to the municipality's voters for approval. If the voters reject the budget, *N.J.S.A.* 18A:22–37 requires that the local board deliver the proposed budget to the governing body of the municipality which is to consult with the local board and determine the amount which in the governing body's judgment is necessary to be appropriated for each item appearing in the budget in order "to provide a thorough and efficient system of schools in the district.... " The governing body is then required to certify that amount to the County Board of Taxation. If the local board disagrees with the proposed reductions, it may appeal to the Commissioner pursuant to the statute and *N.J.A.C.* 6:24–7.1 *et seq.*

In *Bd. of Ed., E. Brunswick Tp. v. Tp. Council, E. Brunswick, supra,* 48 *N.J.* at 105–106, the Supreme Court said:

Though the law enables voter rejection, it does not stop there but turns the matter over to the local governing body. That body is not set adrift without

guidance, for the statute specifically provides that it shall consult with the local board of education and shall thereafter fix an amount which it determines to be necessary to fulfill the standard of providing a thorough and efficient system of schools. Here, as in the original preparation of the budget, elements of discretion play a proper part. The governing body may, of course, seek to effect savings which will not impair the educational process. But its determinations must be independent ones properly related to educational considerations rather than voter reactions. In every step it must act conscientiously, reasonably and with full regard for the State's educational standards and its own obligation to fix a sum sufficient to provide a system of local schools which may fairly be considered thorough and efficient in view of the makeup of the community. *Where its action entails a significant aggregate reduction in the budget and a resulting appealable dispute with the local board of education, it should be accompanied by a detailed statement setting forth the governing body's underlying determinations and supporting reasons.* This is particularly important since, on the board of education's appeal *R.S.* 18:3-14 [now *N.J.S.A.* 18A:22-37], the Commissioner will undoubtedly want to know quickly what individual items in the budget the governing body found could properly be eliminated or curbed and on what basis it so found. [Emphasis supplied; citation omitted].

We note that in *East Brunswick* the Supreme Court spoke of a "significant aggregate reduction in the budget," and in connection therewith stated that such action "should be" supported by adequate reasons. Although the court noted that this was important so that the State Board and the Commissioner would know promptly of these reasons, nowhere in the opinion or in the statute is it established when those reasons *must* be submitted. No other court decision has resolved the precise time frame to be utilized. We acknowledge that various decisions of the State Board have taken different approaches to the issue, however, they are not dispositive or necessarily persuasive in the context of the issue presented here.

The requirement in the statute for meetings and discussions at the local level between representatives of the local board and the governing body is meant to allow for consultation and cooperation—this includes a good faith oral exchange of views —in order to afford an opportunity to resolve differences. Hence, the reasoning of *East Brunswick* with respect to a

detailed written statement of reasons does not have the same significance or necessity on the local level. We discern no prejudice to the Commissioner, the State Board, the local Board, or the students,[4] if, as here, and in light of the short time frame contemplated by the statute, the governing body, after requesting a meeting with the local Board, submits its detailed written statement of reasons at the time that it files its answer to the petition. There may, however, be prejudice to the taxpayers if the matter is not heard on the merits. After all, neither the Commissioner nor the State Board should be making determinations based on *ex parte* applications, and until the matter is contested by the filing of an answer, that is all that the local Board's petition of appeal presents. See *N.J.A.C.* 6:24–7.5.

It is certainly desirable that reasons for the governing body's action be expressed in writing as well as orally at the earliest date so that misunderstandings can be prevented and there can be an adequate basis for rational consultation, discussion and accommodation between the governing body and the local Board without the necessity of invoking the appellate process. Although we are satisfied that a statement of reasons should be given in writing at the earliest date, we hold that under the circumstances here the filing of reasons in the answer to the petition which the local Board filed with the Commissioner was adequate and timely compliance with the intent and spirit of *East Brunswick*. To hold to the contrary would not only frustrate the will of the voters, but the ability of

---

[4]We are fully cognizant, as both the local board and governing body are likewise cognizant, of the constitutional requirement of a "thorough and efficient education." *N.J. Const.* (1947), Art. VIII, § IV, par. 1. The phrase contains abstract terms, and is accordingly incapable of precise definition, but arguably the same language would be a reasonable descriptive interpretation of the type of "education" required by the constitution without those specific adjectives. In any event, we assume that all involved here acted with full awareness of their responsibility.

the governing body to fulfill its mandated duty under *N.J.S.A.* 18A:22–37 after rejection of the proposed budget by the voters. It would also prevent any meaningful appellate review when there may be meritorious grounds for reductions. We have long since rejected the notion in this State that procedural requirements, except as specifically mandated by statute, should preclude determinations on the merits.

The governing body points out in its brief that *N.J.A.C.* 6:24–7.1 *et seq.* was enacted in response to the *East Brunswick* decision. This is not disputed in this appeal. Obviously, compliance with *East Brunswick* and the regulations should allow the governing body to have its position heard on the merits. As previously stated, the administrative agency should not be making its determination based on either *ex parte* submissions or incomplete submissions made before the time for filing the answer to the petition has expired.

Our interpretation of the statute and *East Brunswick* will not impair the ability of a governing body and a local board to engage in consultation with respect to the matter. The governing body presumably has no way of knowing the reasons that the voters rejected the school board budget. Moreover, in the usual situation we assume that under the statutory procedure the governing body does not have an opportunity to review and analyze the local board's proposed budget until it is formally submitted to it after the voters have rejected it. The time periods are then quite compressed.

With due recognition of the separate functions of the local board and the governing body, we encourage cooperation in the budgetary process. Both entities should be sensitive not only to the constitutional requisites and the reasonable needs of the educational system, but to the desires of the taxpayers of the district in accordance with the statutory scheme, and the statutory function of the governing body which also has the respon-

sibility of raising the taxes and appropriating the necessary funds.

In reviewing the action of the governing body it cannot be overlooked that its actions are also entitled to deference similar to that given to the determinations of administrative agencies. See *e.g., H.P. Higgs Co., Inc. v. Madison,* 184 *N.J. Super.* 355, 361 (Law Div.1982), aff'd in part, rev'd in part 188 *N.J. Super.* 212 (App.Div.1983), certif. den. 94 *N.J.* 535 (1983); *Booth v. Bd. of Adj., Rockaway Tp.,* 50 *N.J.* 302, 306 (1967). Analogous to situations involving review of other agency decisions or even of appeals from the trial courts, a failure to state sufficient reasons rarely is a ground for total reversal or dismissal of an appeal. In such cases a remand for an adequate statement of reasons is preferred.

We reject the State Board's argument that the governing body cannot raise the issue of whether a $183,300 reduction is not "substantial" under *East Brunswick* because it was not raised below. Although in certain circumstances an issue not raised below may not be cognizable, here it is a necessary ingredient of *East Brunswick* which has been relied on by the Commissioner and the State Board. Their narrow interpretation of the *East Brunswick* decision which spoke to the giving of a statement of reasons, did not comport with the spirit and intent of that decision as it interpreted the statute. Without a hearing on the merits to determine if the reduction of $183,300 was warranted, it cannot even be argued that the reductions would have a significant effect on any educational process in the township. Although a reduction of approximately 2% out of the total budget would not appear significant on a percentage basis, if there is a dispute as to whether the amount is significant with respect to the involved line items in the budget, that has to be determined in an individualized educational analysis.

We reverse and remand to the State Board for consideration of the matter on the merits of the controversy.