NATIONAL AUTOMOBILE SALVAGE SERVICE, PLAINTIFF, v. DELRAN TOWNSHIP BOARD OF ADJUSTMENT, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided July 10, 1989.

*Stephen W. Kirsch* for plaintiff (*Francis J. Hartman,* attorney).

*Dennis P. McInerney* for defendant, (*McInerney & Caniglia,* attorneys).

HAINES, A.J.S.C.

When will a zoning use variance, if granted, have so significant an impact upon a municipal development plan that it is beyond the jurisdiction of a board of adjustment and requires a plan amendment? In *Dover Tp. v. Dover Tp. Bd. of Adjustment,* 158 *N.J.Super.* 401 (App.Div.1978), the Appellate Division established criteria to be applied when addressing that question. This opinion considers the *Dover* issue and, after adding criteria, orders a remand for further consideration of the jurisdictional question by defendant board.

National Automobile Salvage Service ("NASS") now operates a business on a 6.7–acre lot in Delran Township, Burlington County, New Jersey. The business consists of the towing and storage of vehicles, damaged and undamaged, which are displayed to prospective buyers. NASS has acquired a second lot

containing 8.146 acres, near, but not adjacent to, its 6.7–acre lot, to which it wishes to expand its business. Both lots are in the same zone district. The proposed use is not permitted by the current regulations. Consequently, NASS applied to the Delran Township Board of Adjustment for what it described as "an expansion of a non-conforming use." In fact, correctly described, the application requested a variance. The request was denied on the ground that the impact of the proposed use upon the municipal zone plan was so great that it could be permitted only by the governing body through an amendment to the municipal development ordinance. The denial is challenged by this action in lieu of prerogative writs, submitted for decision on the basis of the record made below, briefs and oral argument.

The record indicates that the usable portion of the 8.146–acre lot, by reason of its shape and the existence of wetlands and woodlands, is only about 3 acres—all the applicant intends to use. It is situated on the outskirts of the municipality and the zone district within close proximity to an automobile body shop, a cemetery, a large industrial site and a 25–acre "Green Acres" tract. While the lot and the surrounding area are zoned for residential uses, such uses are modest and no residential development is in progress. There is no real prospect of residential use in the near future, partly because Delran has no sewer capacity with which to accommodate such uses. The proposed use will not involve the construction of any buildings.

It is of some moment that Delran has not completed a "general reexamination of its master plan and development regulations" on or before August 1, 1988, as required by N.J.S.A. 40:55D–89 and –89.1, a failure which the statute provides "shall constitute a rebuttable presumption that the municipal development regulations are no longer reasonable."

The board's denial of the requested variance was based upon its denial of jurisdiction. Its resolution of denial set forth the following, and only the following, as its conclusion:

> Due to the size of the lot in relation to the size of the overall zone, the application constitutes a rezoning for which the Zoning Board of Adjustment does not have jurisdiction.

Lot size *is* a jurisdictional consideration. Standing alone, however, it is not enough to support the board's conclusion. All criteria listed in *Dover*, plus any others rationally applicable in a given situation, must be considered.

*Dover* did not restrict the jurisdictional inquiry to particular criteria. It said:

> The basic inquiry in each case must be whether the impact of the requested variance will be to substantially alter the character of the district as that character has been prescribed by the zoning ordinance. That inquiry requires analysis and evaluation *of such factors as* the size of the tract itself; the size of the tract in relationship to the size and character both of the district in which it is located and the municipality as a whole; the number of parcels into which it is anticipated that the tract will be subdivided if subdivision is part of the plan, and the nature, degree and extent of the variation from district regulations which is sought. [158 *N.J.Super.* at 412–413; emphasis supplied]

The *Dover* factors, applied here, produce the following:

1. (The basic question.) Will the impact of the requested variance "substantially alter the character of the district as that character has been prescribed by the zoning ordinance"?

   The board did not answer this question except by inference. The facts in the present record could require a negative response.

2. The size of the tract in relation to the size and character of the zoning district and the municipality as a whole.

   The board considered only the size of the tract as it related to "the size of the overall zone." It provided no other basis for its rejection of jurisdiction. It did not consider size in relation to the municipality as a whole.

3. The number of parcels involved and the effect of any subdivision.

   No subdivision is contemplated; only one parcel is involved. The effect of this circumstance was not considered.

4. The nature, degree and extent of the requested variation from Delran's development regulations.

The resolution is silent as to this factor. Several added factors peculiar to this case should be considered by the board, namely:

5. The master plan presumption.

   As a result of the provisions of *N.J.S.A.* 40:55D–89 and –89.1, which require a reexamination of master plans not later than August 1, 1988, and Delran's failure to complete a reexamination, its development regulations are presumed to be unreasonable. The presumption is rebuttable. Its presence,

however, makes the existence of the board's jurisdiction to grant the NASS requested variance more likely since the variance will have less impact upon a development plan which is unreasonable than it will upon one which is reasonable. Furthermore, the right of a governing body to amend an ordinance based upon a master plan which has not been reexamined is doubtful.

6. The ability of the zoning board to subject the grant of a variance to appropriate conditions.

The imposition of reasonable conditions is permissible. *North Plainfield v. Perone*, 54 *N.J.Super.* 1 (App.Div.1959), certif. den. 29 *N.J.* 507 (1959); *Orloski v. Bor. of Ship Bottom*, 226 *N.J.Super.* 666 (Law Div.1988). Conditions could play an important role in lessening the impact of the proposed variance. For example, use of the lot could be restricted to three acres, in view of the lot's topography and the applicant's intentions. Adequate buffers can be assured. Other appropriate conditions may be imposed.

7. Site plan control.

Pursuant to *N.J.S.A.* 40:55D–76, the board of adjustment, to the same extent as a planning board, has the power to grant site plan approval in connection with the grant of a variance. It may require NASS to submit a site plan application for that purpose and may impose requirements concerning natural resources, landscaping, traffic and lighting, among others. These requirements may lessen the impact of a variance.

8. The existence and effect of local problems.

No sewer connections are available in Delran Township with which to accommodate alternative uses for the property. Few buildings can be constructed without such connections. NASS does not intend to build. The proposed use therefore avoids the sewer problem and may have a lesser impact on any aspect of the zone plan which relies on sewer availability. Other local problems may require the board's consideration.

9. The existence and history of the use in which the applicant presently engages in the municipality and the district.

For 23½ years the applicant has engaged in a use identical to that for which the board's approval is sought. The impact which that use has had upon the district in particular and the municipality as a whole should be considered by the board.

The board of adjustment relied entirely on the size of the lot in deciding that it lacked jurisdiction. No other factor was considered. No reasons were set forth in support of the conclusion that lot size alone denied relief unless the development ordinance was amended. The record before this court makes the validity of the jurisdictional conclusion doubtful. That record, however, does not provide facts sufficient to permit this court to decide the jurisdictional question. The board must make and answer the required inquiries and the

matter is remanded for that purpose. The board, while respecting the conclusions reached in this opinion, is free to decide, not only the jurisdictional question, but also, if it assumes jurisdiction, whether a variance should be granted. It may proceed on the basis of the record previously made, supplemented by such additional evidence as may be presented.

On remand, the application must be considered as one requesting a variance. A non-conforming use is not involved. A non-conforming use is "a use or activity which was lawful prior to the adoption, revision or amendment of a zoning ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reason of such adoption, revision or amendment." *N.J.S.A.* 40:55D–5. NASS's 8.146–acre lot does not meet this definition; it was not devoted to the proposed use when Delran's current zoning regulations were adopted. Even if the application, in fact, involved the expansion of a non-conforming use, as claimed, a traditional "d" type variance would nevertheless be required. 36 *N.J. Practice* (*Frizell & Pozycki, Land Use Law*) (1989), § 13.26.