243 N.J. Super. 678 (1990)
581 A.2d 137
LIONSHEAD WOODS CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
KAPLAN BROTHERS (KAPLAN BROS.), KAPLAN AND SONS CONSTRUCTION CORP., KAPLAN AT LAKEWOOD, INC. TRADING AS FOUR SEASONS, AND TOWNSHIP OF LAKEWOOD, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided July 6, 1990.
*680 William J. O'Hagan for plaintiff (Stout & O'Hagan, attorneys).
Steven I. Pfeffer for defendants Kaplan Brothers (Kaplan Bros.) Kaplan and Sons Construction Corp. and Kaplan at Lakewood, Inc. trading as Four Seasons (Levin, Shea & Pfeffer, attorneys).
Norman D. Smith for defendant Township of Lakewood.
SERPENTELLI, A.J.S.C.
This opinion addresses in limine several novel issues created by plaintiff's challenge to the validity of portions of Lakewood's zoning ordinance and the township's admitted failure to comply with N.J.S.A. 40:55D-89, which requires a periodic reexamination of its master plan and development regulations. That statute provides, in part:
The governing body shall, at least every six years, provide for a general reexamination of its master plan and development regulations by the planning board, which shall prepare and adopt by resolution a report on the findings of such reexamination, a copy of which report and resolution shall be sent to the county planning board and the municipal clerk of each adjoining municipality. The first such reexamination shall have been completed by August 1, 1982. *681 The next reexamination shall be completed by August 1, 1988. Thereafter, a reexamination shall be completed at least once every six years from the previous reexamination.... .
It is stipulated that the Lakewood Township Planning Board did not conduct the required periodic reexamination within the required time. As a result, the provisions of N.J.S.A. 40:55D-89.1 were triggered. That statute mandates:
The absence of the adoption by the planning board of a reexamination report pursuant to section 76 of P.L. 1975, c. 291 (C. 40:55D-89) shall constitute a rebuttable presumption that the municipal development regulations are no longer reasonable.
This relatively recent amendment to the Municipal Land Use Law has received little attention and has not been directly interpreted by our case law. The only reported decisions referring to it have considered it within different contexts. In Medici v. BPR Co., 107 N.J. 1, 526 A.2d 109 (1987), the Supreme Court focused on timely compliance with the mandatory reexamination provisions of N.J.S.A. 40:55D-89 as part of the Court's justification for requiring an enhanced quality of proof for special reasons variance applications. In Nat'l Auto. Sal. Serv. v. Delran Tp. Adj. Bd., 236 N.J. Super. 579, 566 A.2d 572 (Law Div. 1989), Judge Haines made reference to the above quoted statutes while determining whether a board of adjustment had properly declined to exercise jurisdiction over a variance application. In that case, Judge Haines did not have reason to address the plethora of questions created by the rather innocuous provisions of N.J.S.A. 40:55D-89.1. Those questions include:
1. Does the statute affect the burden of going forward or does it shift the burden of proof?
(a) Is it a so-called "natural" or "logical" presumption which generally affects only the burden of going forward, or;
(b) Is it a so-called "artificial" presumption created for public policy reasons which is of such weight or importance that it generally shifts the burden of proof? (e.g., presumption of legitimacy, presumption against insanity, presumption of a gift in contemplation of death, etc.)
2. What is the quantum of proof necessary to overcome the presumption? Is it sufficient for the township to present conclusory testimony that the master *682 plan and development regulations are still viable or must the township present more extensive testimony to support that conclusion?
3. If the township overcomes the presumption of invalidity, does the presumption of validity reattach or is the question of validity determined by the usual standard of proof, a preponderance of the credible evidence?
4. To overcome the presumption, must the testimony establish the continuing validity of the zoning regulations for the entire municipality or is it sufficient to address the specific provisions under attack? That is, in this case, can the township limit its proof to the continuing integrity of the R-40 zone requirements since the plaintiff has only challenged those restrictions?
A review of the legislative history of N.J.S.A. 40:55D-89 and 89.1 offers little guidance. The statement of the Senate County Municipal Government Committee with respect to Senate Bill 2313 provides:
Section 18 amends Section 76 of P.L. 1975, c. 291 (C. 40:55D-89) to clarify the provisions on periodic reexamination of the master plan and developmental regulations.
Section 19 adds a new section that creates a conditional sanction for failure to make the periodic reexamination.
The legislative history does not define the meaning or scope of the "sanction." Assumedly, it is referred to as "conditional" because it does not take effect if the reexamination is conducted within the time constraints of N.J.S.A. 40:55D-89. The court will discuss the issues in the order outlined above.

I.

Does the statute affect the burden of going forward or does it shift the burden of proof?
Our cases have drawn a distinction between two types of presumptions. One is the so-called "natural" or "logical" presumption which usually affects the burden of going forward. The other is the so-called "artificial" presumption created for public policy reasons which normally shifts the burden of proof. Rule 13 of the Rules of Evidence defines a presumption as:
.... [A] rebuttable assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action.
The logical or natural presumption depends for its validity on the fact that there is an empirically demonstrable probability *683 that, as a matter of common experience, a presumed fact flows from the underlying facts already established. State v. Ingram, 98 N.J. 489, 496, 488 A.2d 545 (1985); State v. McCandless, 190 N.J. Super. 75, 79, 461 A.2d 1205 (App.Div. 1983). Conversely, the artificial presumption is based only partly, if at all, on a natural inference. Instead, it has been created to achieve certain public policy objectives. Pantasote Co. v. City of Passaic, 100 N.J. 408, 413, 495 A.2d 1308 (1985); Powder Mill I Assoc. v. Hamilton Tp., 3 N.J. Tax 439 (Tax Ct. 1981), rev'd on other grounds, 190 N.J. Super. 63, 461 A.2d 1199 (App.Div. 1983).
The presumption created by N.J.S.A. 40:55D-89.1 is not a natural or logical presumption. There is no reason to assume that development regulations, which are presumed valid on the last day of the sixth year, should be presumed invalid on the first day of the seventh year. Rather, the Legislature assigned an arbitrary time frame to compel periodic reexamination. This is an artificial presumption designed to implement a specific and important public policy. If the sanction created by the statute is to have any substantial effect, the township should not be allowed to overcome it merely by presenting conclusory testimony as to the continuing validity of the master plan. If the burden is that light, the impetus to conduct the reexamination will be diluted. Thus, it is appropriate that the township shoulder both the burden of going forward and the burden of proof.

II.

What is the quantum of proof necessary to overcome the presumption?
Rule 14 does not explicitly define the quantum of evidence necessary to rebut a presumption. In re Politowicz, 124 N.J. Super. 9, 14, 304 A.2d 569 (App.Div. 1973). Our cases are not consistent in the language used to describe that burden. However, Rule 14 does articulate a commonly used standard. *684 It provides that for the presumption to be rebutted as a matter of law, the contradictory evidence must be of sufficient strength that reasonable persons would differ as to the existence or nonexistence of the presumed fact. Put another way, evidence adequate to raise a debatable question is necessary to rebut a presumption. Rumson Borough v. Peckham, 7 N.J. Tax 539, 546-47 (Tax Ct. 1985).
There are instances, particularly with artificial presumptions, in which a more stringent standard of proof has been imposed. In this court's view, it would be improper to require more here by insisting, for example, that the township reestablish validity by showing that the ordinance bears a real and substantial relationship to existing land use patterns. That is the standard which must be met to prove the invalidity of a municipal ordinance which is entitled to a presumption of validity. Taxpayers Assoc. of Weymouth Tp., Inc. v. Weymouth Tp., 80 N.J. 6, 21, 364 A.2d 1016 (1976), cert. denied 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977). Normally, when any municipal action is attacked, absent particular fundamental interests, it is shielded by this pervasive presumption. So. Burlington Cty. N.A.A.C.P. v. Mt. Laurel Tp., 92 N.J. 158, 305, 456 A.2d 390 (1983). However, that presumption has been judicially developed to serve a broader and more vital public policy. It should not be assumed that the presumption created in N.J.S.A. 40:55D-89.1 has the same strength. Rather, the purpose of the statutory presumption must be examined.
While, as noted, the legislative history of the statute is virtually silent, the Senate statement does refer to the presumption as a "sanction." When N.J.S.A. 40:55D-89 is read together with N.J.S.A. 40:55D-89.1, it is evident that the Legislature wanted to find a means to prod municipalities into the periodic reexamination required by section 89 to serve the purposes enunciated in that statute. The Legislature chose the vehicle of a rebuttable presumption, thereby signaling an intent to allow the municipality to demonstrate that the failure to complete the reevaluation was of no consequence because the development *685 regulations still reflect the contemporary needs and conditions of the community. Cf. Medici, supra, 107 N.J. at 20, 526 A.2d 109.
N.J.S.A. 40:55D-89 does not delineate the scope of planning board review necessary to determine whether the development regulations are in need of revision. Probably, a comprehensive zoning review is not required. A simple report may satisfy the needs of the statute depending on the circumstances. Requiring the municipality to demonstrate that the development regulations still bear a real and substantial relationship to the existing land use patterns, might entail a review procedure similar to that involved in the initial enactment of the regulations. Furthermore, if the township is held to the "real and substantial" standard and it succeeds in carrying that burden, the challenging party has a virtually impossible task of proving invalidity.
The worthy policy objectives of N.J.S.A. 40:55D-89.1 can be vindicated without imposing an obligation to prove that the existing ordinance still bears a real and substantial relationship to land use within the municipality. The statutory goals will be achieved by requiring the municipality to adduce evidence sufficient to raise a debatable issue as to validity. To develop those proofs, the municipality must comply with N.J.S.A. 40:55D-89 and the minimum standards of review established therein.

III.

If the township overcomes the presumption of invalidity, does the presumption of validity reattach?
This issue need not be addressed at this point. It could be that the township will be able to show, even absent the aid of the presumption of validity, that its ordinances are reasonable. Conversely, perhaps plaintiff will not be able to establish invalidity even by a preponderance of the credible evidence. Finally, this question has not been briefed and the court should give all *686 parties an opportunity to do so before deciding whether the presumption of validity should be reinstated.

IV.

To overcome the presumption of invalidity, must the testimony establish the continuing validity of all the zone regulations or is it sufficient to address the specific zone regulations under attack?
This is perhaps the most difficult of all the issues created by this statutory presumption. Certainly nothing in the legislative history gives a hint of what the Legislature intended. However, common sense and experience demonstrate that the municipality cannot offer competent and credible evidence that the zone regulations here under attack are reasonable without looking at those regulations within the context of the entire master plan and the zoning ordinance which implements it. We must know what, if any, changes have taken place in Lakewood over more than six years if it is to be determined whether the land uses permitted in the R-40 zone still meet the present needs of the township. It follows that the planning board must reexamine its entire master plan and the related ordinances. That approach comports with the dictates of N.J.S.A. 40:55D-89. Furthermore, the sanction of N.J.S.A. 40:55D-89.1 will have its desired effect only if it compels reexamination of the entire master plan and all development regulations. The Medici Court said:
The legislative enactments requiring periodic re-evaluation of municipal master plans and zoning ordinances, N.J.S.A. 40:55D-89, 89.1, and annual reports and recommendations from the board of adjustment, N.J.S.A. 40:55D-70.1, reflect a legislative policy intended to ensure that a municipality's master plan and zoning ordinance reflect contemporary needs and conditions, and that the governing body is kept informed of provisions of the zoning ordinance that generate variance requests.... [107 N.J. at 20, 526 A.2d 109].
Defendant argues that undertaking a complete reexamination will substantially delay the trial. Codefendant, the developer, anxious to avail itself of the R-40 regulations, naturally responds that a delay is not justified and that the township should *687 be made to proceed in face of the presumption of invalidity with whatever proofs it has available. That could convert the rebuttable presumption into an irrebuttable presumption if, in fact, the burden of producing evidence concerning the validity of the whole master plan and all of the regulations is as heavy as the township suggests. However, again, it must be noted that N.J.S.A. 40:55D-89 does not articulate the scope of the periodic reexamination. It does not imply that the review must partake of all of the characteristics of the original formulation of a master plan and implementing development regulations. In fact, the statute requires "a report on the findings of such reexamination."
The Legislature has delineated the scope of the report. It must include an identification of:
[a] The major problems and objectives relating to land development in the municipality at the time of the adoption of the last reexamination report.
[b] The extent to which such problems and objectives have been reduced or have increased subsequent to such date.
[c] The extent to which there have been significant changes in the assumptions, policies and objectives forming the basis for the master plan or development regulations as last revised, ...
[d] The specific changes recommended for the master plan or development regulations, if any, .... [N.J.S.A. 40:55D-89].
While the statute does prescribe a significant level of detail which would likely preclude a one page conclusory reevaluation, it does not create a task which will consume the type of resources and time which were involved in the initial development of the master plan and development regulations. The statute strikes a sensible balance between the duty imposed and the value received.
Therefore, the township will be required to present testimony regarding the presumption in an effort to establish the existence of a debatable issue concerning the validity of the development regulations of the township. The court recognizes that the definition of "development regulation" in N.J.S.A. 40:55D-4 includes not only the zoning ordinance, but also the subdivision, site plan, official map ordinance or other municipal regulation *688 of the use and development of land. However, as a practical matter, the zoning ordinance provides the basis for the enactment of all other land use regulations which generally mirror the zoning ordinance criteria. Therefore, if the presumption can be overcome with regard to the zoning ordinance, it will most likely be overcome with regard to the other development regulations.[1]
NOTES
[1] The court suggests that N.J.S.A. 40:55D-89.1 is in serious need of amendment. A revision could address the questions analyzed in this opinion and others not discussed herein, including:

a. whether the statutory presumption is intended to apply only to a direct attack on a zoning ordinance or is also applicable in any action involving other development regulations;
b. whether the presumption arises only in a court attack or also may affect board of adjustment or planning board proceedings;
c. whether, if the rebuttable presumption is not overcome, all development regulations are void or just those specifically challenged in the litigation.