674 A.2d 1027

INTERVINE OUTDOOR ADVERTISING, INC., PLAINTIFF–APPEL-LANT, v. CITY OF GLOUCESTER CITY ZONING BOARD OF ADJUSTMENT AND CITY OF GLOUCESTER CITY, DEFEN-DANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 26, 1996—Decided May 2, 1996.

Before Judges MICHELS, VILLANUEVA and KIMMELMAN.

*Martin S. Ettin* argued the cause for appellant (*Katz, Ettin, Levine, Kurzweil & Weber,* attorneys; *Andrew S. Genetta* and *Mr. Ettin,* on the brief).

*Barry J. Beran* argued the cause for respondent City of Gloucester City Zoning Board of Adjustment (*Beran & Beran,* attorneys; *Gail R. Beran* and *Mr. Beran,* on the brief).

*M. James Maley, Jr.* argued the cause for respondent City of Gloucester City (*Maley, Williamson, Hayden & Gmerek,* attorneys; *Mr. Maley* and *Charles W. Wigginton,* on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D. (temporarily assigned).

Plaintiff Intervine Outdoor Advertising, Inc. appeals from a judgment of the Law Division which affirmed the denial by defendant City of Gloucester City Zoning Board of Adjustment (Board) of plaintiff's application for a use and bulk variance to construct three freestanding billboards on property it intends to lease adjacent to the New Jersey approach to the Walt Whitman Bridge. Plaintiff's complaint in lieu of prerogative writs also joined as a defendant the City of Gloucester City (City), contending that the zoning ordinance was invalid because the City had not reexamined its master plan and zoning regulations within six years as required by *N.J.S.A.* 40:55D-89, and that, if not invalid, the zoning ordinance was otherwise unconstitutional. The Law Division rejected these claims, upholding the validity of the zoning ordinance.

We affirm the denial of plaintiff's application for a use and bulk variance and affirm that portion of the judgment entered April 14, 1995, which upheld the City's compliance with *N.J.S.A.* 40:55D-89 and which also upheld the constitutionality of the zoning ordinance insofar as it regulates commercial speech with respect to the sign regulations. The trial court did not reach the question as to the constitutionality of the sign regulations applicable to noncommercial speech. However, we find unconstitutional that part of the sign regulations which limits noncommercial speech contained in signs to a temporary basis not to exceed a consecutive period of sixty days in any calendar year. Since we do not find the constitutional defect to require invalidation of the entirety of the sign regulations contained in the zoning ordinance, but only to require severance of the offending language from the noncommercial sign regulations, the remaining provisions survive.

Plaintiff is a company engaged in erecting and maintaining freestanding, outdoor advertising structures. It has entered into an arrangement with Holt Cargo Systems, Inc., the owner of the subject property, to lease the property for the erection of billboards. The property site is located in the Port and Cargo

Handling Zone of the City's zoning ordinance, wherein the permitted uses pertain to the maintenance of piers, warehouses, and like facilities for the operation of businesses related to the receipt, temporary storage, and transfer of cargo. A use not specifically permitted in that particular zone, such as the erection and maintenance of signs, is prohibited under the ordinance. The site is also located in the Shoreline Overlay District, which includes lands within 500 feet of the Delaware River shorelines. Among the stated purposes for creating this district are the encouragement of public use and enjoyment of the shorelines and the enhancement and increase of views and access to the water. An objective of the City's 1985 master plan is eventually to rezone the waterfront area from industrial to mixed-use development and to clean up and beautify the entrances to the City by various techniques, which include prohibiting new billboards and attempting to retire old ones.

Plaintiff proposes to construct three double-faced, steel, free-standing pole signs, one on the south side of the Walt Whitman Bridge and two on the north side. Each sign would be externally lit at the bottom, measuring 16 feet by 60 feet, and would be located approximately 30 feet above the bridge roadway, approximately 90 feet above the ground, and approximately 30 feet from the bridge rights-of-way. In addition to commercial advertisements, plaintiff proposes to use the reverse side of the signs for noncommercial advertisements and messages such as promoting the New Jersey State Aquarium, the New Jersey State Tax Amnesty Program, the Franklin Institute, and political campaigns. Similar noncommercial billboards are located adjacent to the bridge on the Pennsylvania side.

After considering the application and the testimony presented in support and against thereof, the Board concluded that plaintiff's application was a substantial departure from the signage requirements of the zoning ordinance, that the application could not be granted without substantial detriment to the public health, safety, and welfare of the City, and that plaintiff had not shown

any special reasons why the application should be granted in view of the detriments. *See N.J.S.A.* 40:55D–70d.

■ We are satisfied, based upon the thorough and well-reasoned letter opinion of Judge Theodore Z. Davis, that the Board's denial of plaintiff's application for a use and bulk variance finds support in the evidence and was not arbitrary, capricious, or unreasonable. *Booth v. Board of Adj. of Rockaway,* 50 *N.J.* 302, 306, 234 *A.*2d 681 (1967). Judge Davis also correctly held that the City had complied with *N.J.S.A.* 40:55D–89, which provides in pertinent part:

> The governing body shall, at least every six years, provide for a general reexamination of its master plan and development regulations by the planning board, which shall prepare and adopt by resolution a report on the findings of such reexamination, a copy of which report and resolution shall be sent to the county planning board and the municipal clerk of each adjoining municipality. . . .

■ On April 15, 1991, within the six-year statutory period, the City adopted resolution # 67, which reads:

> WHEREAS, the Planning Board of the City of Gloucester City has conducted a review and re-examination of the existing Master Plan for the City of Gloucester City;
>
> WHEREAS, the Planning Board of the City of Gloucester City has recommended that the Mayor and Council of the City approve and adopt the existing Master Plan for the City;
>
> WHEREAS, the Mayor and Council is satisfied that the Planning Board has conducted a general re-examination of the City's Master Plan and Development Regulations and has reported to Mayor and Council its recommendation that the existing Master Plan be readopted;
>
> NOW, THEREFORE, BE IT RESOLVED, by Mayor and Council of the City of Gloucester City that the existing Master Plan is hereby readopted in accordance with N.J.S.A. 40:55D–89 and that the Master Plan shall continue in full force and effect unless otherwise provided by law.

Although proof was not submitted that the planning board had prepared a formal report and that a copy of the report had been submitted to the county planning board, sufficient evidence was submitted to the trial court showing that the master plan and zoning ordinance had been reviewed and examined continually by the planning board over the years in question. Such proof raised a debatable question as to the reexamination of the master plan

and zoning regulations and, therefore, was sufficient to overcome the statutory rebuttable presumption of unreasonableness required by *N.J.S.A.* 40:55D–89.1. The rebuttable presumption of unreasonableness having been overcome, the presumption of validity inherent in the municipal enactment then reattaches, as found by Judge Davis. *See Lionshead Woods Corp. v. Kaplan Bros.,* 243 *N.J.Super.* 678, 684–85, 581 *A.*2d 137 (Law Div.1990).

With respect to the constitutionality of the sign regulations, we agree with Judge Davis's reasoning and conclusion that the sign regulations applicable to commercial speech were not constitutionally infirm. Judge Davis held a so-called "Bell hearing" pursuant to *Bell v. Stafford Township,* 110 *N.J.* 384, 396–97, 541 *A.*2d 692 (1988), and determined that there were compelling governmental interests that supported the regulations applicable to commercial signs. Judge Davis did not reach the question as to whether the City's sign regulations applicable to noncommercial speech pass constitutional muster. However, we find the sign regulations applicable to noncommercial speech to be unconstitutional.

The City's zoning ordinance, Section 1604, subsection 12, applicable to noncommercial signs other than governmental, directional, and traffic control signs and devices, permits:

> Temporary signs announcing or advertising any political, educational, charitable, civic, professional, religious, or like campaign or event for a consecutive period not to exceed sixty (60) days in any calendar year, providing they do not exceed fifty (50) square feet in size.
>
> [Gloucester City, N.J., Ordinance 81 (April 2, 1987).]

Thus, noncommercial signs and billboards conveying a political message or, for example, promoting the New Jersey Tax Amnesty program or urging visits to the New Jersey State Aquarium must be temporary in nature, not to exceed sixty days in any calendar year. The zoning ordinance imposes no time limitation, however, upon commercial signs. In effect, the zoning ordinance does not give noncommercial speech the same latitude or freedom as afforded to commercial speech. While we have no quarrel with defendants' overall desire to restrict the erection of billboards because of their generalized concern for safety and aesthetic

purposes, *see Bell v. Stafford Tp., supra,* 110 *N.J.* at 393, 541 *A.*2d 692; *State v. Miller,* 83 *N.J.* 402, 409, 416 *A.*2d 821 (1980); *United Advertising Corp. v. Borough of Metuchen,* 42 *N.J.* 1, 5–6, 198 *A.*2d 447 (1964), we must question the limitation on the right of free speech implicit in the requirement that noncommercial signs be temporary in nature.

■ In weighing the constitutionality of the zoning ordinance as applied to noncommercial signs, a court must focus upon whether the temporal restrictions imposed by the municipality upon noncommercial signs are content-neutral or content-based. *Rappa v. New Castle County,* 18 *F.*3d 1043, 1053 (3d Cir.1994).

If the restriction is content-based, then the regulation is subjected to the most exacting scrutiny, and the municipality is required to show that the regulation is necessary to serve a compelling municipal interest and that it is narrowly drawn to achieve that end. *Boos v. Barry,* 485 *U.S.* 312, 321, 108 *S.Ct.* 1157, 1164, 99 *L.Ed.*2d 333, 344–45 (1988); *Whitton v. City of Gladstone, Mo.,* 54 *F.*3d 1400, 1408 (8th Cir.1995); *Horizon Health Ctr. v. Felicissimo,* 135 *N.J.* 126, 140, 638 *A.2d* 1260 (1994). If the restriction is content-neutral, then it is analyzed under a time, place, and manner standard to determine whether it serves a significant governmental interest and leaves open ample alternative channels for communication of the information. *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 *U.S.* 748, 771, 96 *S.Ct.* 1817, 1830, 48 *L.Ed.*2d 346, 363–64 (1976); *Whitton, supra,* 54 *F.*3d at 1403; *Rappa, supra,* 18 *F.*3d at 1054; *McCormack v. Township of Clinton,* 872 *F.Supp.* 1320, 1323 (D.N.J.1994); *State v. Miller, supra,* 83 *N.J.* at 412, 416 *A.*2d 821.

■ Here, the temporal restrictions placed upon noncommercial speech clearly impose a content-based regulation on subsection 12 of Section 1604 of the zoning ordinance. It is the wording or message sought to be conveyed by a given sign that dictates the durational life of the sign. Hence, the regulation in question is clearly content-based. *Metromedia, Inc. v. City of San Diego,* 453 *U.S.* 490, 516, 101 *S.Ct.* 2882, 2897, 69 *L.Ed.*2d 800, 820 (1981);

*Whitton, supra,* 54 *F.*3d at 1403–04; *Rappa, supra; National Advertising Co. v. Town of Babylon,* 703 *F.Supp.* 228, 238–39 (E.D.N.Y.1989), *aff'd in part, rev'd in part,* 900 *F.*2d 551 (2d Cir.1990), *cert. denied,* 498 *U.S.* 852, 111 *S.Ct.* 146, 112 *L.Ed.*2d 112 (1990).

We fail to discern the compelling governmental interest sought to be protected by the blanket restriction making temporary all forms of noncommercial signs. In our view, the relegation of all noncommercial signs to a temporary life creates an impermissible distinction between commercial and noncommercial speech. *Metromedia, Inc., supra.*

As said in *National Advertising Co., supra,*

[I]n order to pass constitutional muster, a sign ordinance, to the extent that it regulates non-commercial speech, may neither regulate such speech more stringently than it does commercial speech nor demonstrate a preference for the subject matter of certain non-commercial speech over other non-commercial speech.

[703 *F.Supp.* at 237.]

Accordingly, the temporal restrictions contained in subsection 12 of section 1604 of the sign provisions of the zoning ordinance are unconstitutional. *U.S. Const.* amend. I; *N.J. Const.* art. 1, ¶ 6; *Metromedia, Inc., supra; Whitton, supra; Rappa, supra; National Advertising Co., supra.*

We make no ruling with respect to the square-footage limitation imposed on noncommercial signs. That issue has not been raised or argued. However, we do note a pertinent statement in *State v. Miller, supra:*

Limitations on the size of a sign may be imposed if the allowable square footage is not determined in an arbitrary manner. The size limits, if any, must be large enough to permit viewing from the road, both by persons in vehicles and on foot. Inadequate sign dimensions may strongly impair the free flow of protected speech.

[83 *N.J.* at 416, 416 *A.2d* 821.]

The United States District Court in *National Advertising Company, supra,* rather than striking the entirety of the municipal ordinance found to make an unconstitutional distinction between commercial and noncommercial speech, narrowly tailored its constitutionally-based injunctive relief, holding only that the munici-

pality may not enforce that portion of the ordinance that disadvantaged noncommercial speech. 703 *F.Supp.* at 240. On appeal, the Second Circuit reversed the District Court only with respect to the limitation of the constitutional ban to that portion of the ordinance that disfavored noncommercial speech. There was no severability clause in the ordinance that would have justified saving the remaining portions, and hence, the entire ordinance was struck down. 900 *F.*2d at 557.

Fortunately for defendants, the ordinance in question before the court does have a severance clause which provides:

> Should any section or provision of this Ordinance for any reason be declared invalid by the Courts, such decision shall not effect [sic] the validity of this Ordinance as a whole or any other part thereof.

The presence of such a clause raises, at the minimum, a rebuttable presumption of severability. *Helmsley v. Borough of Fort Lee,* 78 *N.J.* 200, 237, 394 *A.*2d 65 (1978), *appeal dismissed,* 440 *U.S.* 978, 99 *S.Ct.* 1782, 60 *L.Ed.*2d 237 (1979), *clarified,* 82 *N.J.* 128, 411 *A.*2d 203 (1980). We believe the commercial sign provisions of the ordinance can stand in the absence of the time restrictions contained in the noncommercial sign provision. In effect, the absence of the temporal restrictions contained in subsection 12 of Section 1604 will not preclude noncommercial signs and will not truncate the entirety of the sign provisions into incomprehensibility. We shall observe the severance clause.

For the reasons set forth, we affirm the judgment of April 14, 1995, entered by Judge Davis, but find subsection 12 of Section 1604 of the City's zoning ordinance to be unconstitutional and, therefore, unenforceable.