107 N.J. Super. 196 (1969)
257 A.2d 737
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RODNEY CRAIG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1969.
Decided October 15, 1969.
*198 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Robert W. Criscuolo, assigned counsel, argued the cause for appellant (Messrs. Parker, McCay & Criscuolo, attorneys).
Mr. Alfred O. Powell, Assistant Prosecutor, argued the cause for respondent (Mr. Martin J. Queenan, Burlington County Prosecutor, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals in forma pauperis from his conviction for contempt of court.
Defendant, jointly with one Harry Brewer, had been indicted for armed robbery. He was tried separately, convicted and sentenced. His conviction was affirmed on appeal. Thereafter he was called to testify at Brewer's trial for the same offense (Brewer had been previously convicted and his conviction had been reversed). He stated, out of the presence of the jury, that he was refusing to testify on the ground of self-incrimination and on the further ground that Brewer's then counsel had previously acted as his (defendant's) counsel and would be in a position, on cross-examination of him, to make use of confidential information obtained from him. When defendant's claim was disallowed and he still declined to answer, he was adjudged to be in contempt and sentenced to serve six months in the county jail, consecutive to the sentence he was already serving for the armed robbery.
We affirm the conviction. A witness may not make himself the final judge of the availability of the Fifth Amendment privilege against self-incrimination. Hoffman v. United States, 341 U.S. 479, 486-487, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); In re Pillo, 11 N.J. 8, 19 (1952). He must *199 make a sufficient showing to permit the court to pass upon it. In re Addonizio, 53 N.J. 107, 116 (1968). There must be reasonable ground to apprehend the peril. State v. De Cola, 33 N.J. 335, 350 (1960). Since defendant had already been convicted for his participation in the crime for which Brewer was being tried, and had exhausted his appeal from that conviction, the possibility of his being further held to account for that crime was nonexistent. He was afforded every opportunity to bring home to the court any other basis which would support the exercise of his Fifth Amendment right to refuse to testify on the ground of self-incrimination, but declined to do so. Our inquiry at the oral argument leaves us still in the dark as to the basis for his contention. In the absence of any disclosure of any criminal exposure which would have justified his refusal, the court properly rejected his claim and ordered him sworn. State v. Tyson, 43 N.J. 411, 416-417 (1964); State v. De Cola, supra; In re Boiardo, 34 N.J. 599, 602-603 (1961).
The fact that counsel for Brewer had also been defendant's counsel at the time of his trial and conviction afforded no basis for defendant's refusal to testify. There was no attempt to show that his former counsel would be in a position, on the basis of confidential information acquired from him, to ask questions which might involve him in some other illegal activity. Actually, defendant's position, as stated to the court by the deputy public defender who represented him, was that he had "no objection to Mr. Hartman proceeding with the representation of Mr. Brewer. But, he would object and for the record does object to any interrogation by Mr. Hartman on any questions or information which Mr. Hartman would have knowledge of as a result of their client-attorney relationship. He has no objection to his representation if the examination is limited to those matters which are questions of public record." To this the court replied that that was "a point we have not come to." It never was reached because defendant refused to answer any and all questions. Typical is the following:
*200 By Mr. Harrison [Assistant Prosecutor]:
Q Now, Mr. Craig, where were you born?
A I plead the Fifth.
Q I did not hear you?
A I plead the Fifth.
THE COURT: Are you aware, Mr. Craig, that I have just ordered you to answer these questions?
THE WITNESS: Yes
Defendant's contention that he should have been granted immunity from prosecution, as provided in N.J.S.A. 2A:81-17.3, as a prerequisite to holding him in contempt is clearly without merit. We note that the point was not raised below. Wholly aside, only if the court had ruled that there was a basis for defendant's claim of privilege would the prosecutor have been put to the choice of granting him immunity or abandoning the inquiry. In re Addonizio, supra, 53 N.J., at p. 116.
Defendant's final point, that his invocation of the privilege was justified by the court's failure to explain the applicable law, leaving him in fear that he would incriminate himself through ignorance of the law, is likewise without merit. Prior to the opening of the trial defendant filed with the court a brief and statement of position in support of his refusal to testify. At the trial he was attended by a representative of the Public Defender's Office who was present to advise and represent him, and did so. He also conferred with Brewer's attorney, who, as noted, had previously represented him, before the trial began. We are satisfied that the court fully discharged its duty to defendant. He voluntarily placed himself in the position in which he now finds himself.
Affirmed.