839 A.2d 933

EARL LEWIS, PETITIONER–APPELLANT, v. DEPARTMENT OF CORRECTIONS, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 3, 2003—Decided January 13, 2004.

504

Before Judges KING, LINTNER and LISA.

*Earl Lewis,* appellant pro se.

*Peter C. Harvey,* Attorney General of New Jersey, attorney for respondent (*Patrick DeAlmedia,* Deputy Attorney General, of counsel; *Lisa A. Puglisi,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

Appellant is an inmate currently incarcerated at the Adult Diagnostic and Treatment Center in Avenel. He is serving a five-to-eight-year sentence for sexual assault. He appeals the final

administrative decision of the Department of Corrections rendered on December 10, 2002 which removed commutation credits because of his alleged failure to fully cooperate with sex offender treatment pursuant to *N.J.S.A.* 2C:47–8.[1]

■ Because inmates have a protected liberty interest in "good time" credits, an offender's credits may not be reduced pursuant to this section because of his refusal to disclose during treatment the details of sex offenses that have not been the subject of a criminal prosecution. *See Bender v. Dept. of Corr.,* 356 *N.J.Super.* 432, 439, 443–44, 812 *A.*2d 1154, 1158, 1161–62 (App.Div.2003). In *Bender,* we relied on *McKune v. Lile,* 536 *U.S.* 24, 122 *S.Ct.* 2017, 153 *L.Ed.*2d 47 (2002), which held that such a course of action would violate the inmate's Fifth Amendment privilege against compulsory self-incrimination. This case presents a variation on our *Bender* holding.

Appellant was found guilty on January 21, 1999. He was sentenced on January 28, 2000 to the Avenel facility because of the sexual nature of his crimes. He eventually was penalized with loss of commutation and work credits from September 2001 through 2002, apparently about 85 days of credits, for not cooperating with the treatment program. He exhausted his administrative remedies and on February 21, 2003 filed this appeal from denial of his credits.

---

[1] *N.J.S.A.* 2C:47–8 states:

Notwithstanding the provisions of section 7 of P.L.1979, c. 441 (C. 30:4–123.51), R.S. 30:4–140, R.S. 30:4–92 or any other law, a term of imprisonment imposed on a person confined to the Adult Diagnostic and Treatment Center pursuant to the provisions of chapter 47 of this Title shall not be reduced by progressive time credits or credits for diligent application to work and other institutional assignments for any year or fractional part of a year *if the person failed to fully cooperate with all treatment offered to him during that time period.* This section shall not prohibit the reduction of a person's term of imprisonment by such credits if the person is entitled to the credits pursuant to the provision of subsection g. of *N.J.S.* 2C:47–3. (emphasis added.)

In the meantime, appellant had taken an appeal from his January 28, 2000 criminal conviction. We affirmed his conviction in an unpublished opinion dated May 14, 2002. The Supreme Court denied appellant's petition for certification on June 5, 2003.

Appellant makes this contention with respect to the denial of his commutation credits:

> Appellant contends that, despite his plea of not guilty and his denial of committing the crimes, he was sentenced to Avenel for specialized treatment by the Superior Court of New Jersey, Monmouth County, pursuant to *N.J.S.A.* 2C:47–3. However, to date, appellant has been enrolled and "fully cooperates with all treatment offered to him," with the exception of discussing the offense for which he was tried and convicted by a jury, the appellant did not commit the crimes, and therefore, cannot admit to, nor discuss the specific details of his crimes. [sic] On the other hand, the appellant does fully cooperate with all treatment offered by discussing everything about his life, save admitting to something which he, in fact, did not do. The Department of Corrections has, therefore, frustrated the appellant's efforts to achieve compliance with the statute.

Thus, at least one of appellant's claims on this appeal is that the loss of credits was caused by insisting on his privilege against self-incrimination in the context of his then-pending appeal and continued protest of his innocence.

■ The appellate process as to appellant's convictions for these sexual offenses was not final until his petition for certification was denied on June 5, 2003. We now conclude that appellant retained his privilege against self-incrimination until he had exhausted the direct appeal process from his criminal conviction. He was not required to discuss the crimes for which he was convicted until his petition for certification was denied.

■ Under our jurisprudence, a defendant's privilege against self-incrimination does not expire until sentencing and upon exhaustion of his direct appellate remedies. Judge (now Justice) Long stated in *State v. Nunez,* 209 *N.J.Super.* 127, 132, 506 *A.*2d 1295, 1298 (App.Div.1986), that since defendant "had yet to be sentenced and to exhaust his appellate remedies, his conviction was not final" and he could validly assert his privilege against self-incrimination. *See also State v. Tyson,* 43 *N.J.* 411, 416, 204 *A.*2d 864, 866–67 (1964), *cert. denied,* 380 *U.S.* 987, 85 *S.Ct.* 1359, 14

L.Ed.2d 279 (1965); *State v. Craig*, 107 *N.J.Super.* 196, 199, 257 *A.*2d 737, 738–39 (App.Div.), *certif. denied*, 55 *N.J.* 169, 259 *A.*2d 919 (1969); *State v. Robinson*, 253 *N.J.Super.* 346, 366, 601 *A.*2d 1162, 1173 (App.Div.), *certif. denied*, 130 *N.J.* 6, 611 *A.*2d 646 (1992); *State v. Fort*, 197 *N.J.Super.* 113, 117, 484 *A.*2d 323, 325 (App.Div.1984), *certif. denied*, 101 *N.J.* 213, 501 *A.*2d 895, rev'd on other grounds, 101 *N.J.* 123, 501 *A.*2d 140 (1985).

The general rule accords with our jurisprudence. *See* 5 John Henry Wigmore, *Evidence* § 2279 (McNaughton rev. 1961 & Supp. 2003). We find an articulate summary of the rule by the Oregon Supreme Court in *State v. Barone*, 329 *Or.* 210, 986 *P.*2d 5, 20–21 (1999), *cert. denied*, 528 *U.S.* 1086, 120 *S.Ct.* 813, 145 *L.Ed.*2d 685 (2000), cited with approval in John W. Strong, et. al., *McCormick on Evidence* § 120, at 464 n. 9 (5th ed. & 2003 Supp.), which we conclude coincides with our cases:

> Accordingly, the question before us is whether a witness, who has been convicted of a crime and has exhausted his direct appeals from that crime, nevertheless possesses a privilege against self-incrimination and may refuse to answer questions about the crime, if he intends at some time in the future to attack his conviction through post-conviction or habeas corpus proceedings. We conclude that a witness does not possess a privilege against self-incrimination under those circumstances. The Fifth Amendment privilege against self-incrimination protects witnesses from the danger of exposing themselves to criminal liability. The privilege applies where the risk of self-incrimination is "real and appreciable," not "remote and improbable." *Brown v. Walker*, 161 *U.S.* 591, 599–600, 16 *S.Ct.* 644, 40 *L.Ed.* 819 (1896); *see also Rogers v. United States*, 340 *U.S.* 367, 372–73, 71 *S.Ct.* 438, 95 *L.Ed.* 344 (1951) (to the same effect). Here, Darcell's asserted risk of self-incrimination was neither "real" nor "appreciable," because at the time when he claimed the privilege, Darcell already had been convicted of the charge for which he feared prosecution. He could not incriminate himself further by answering questions about a crime for which he already had been convicted and sentenced and for which his direct appeals were exhausted.

*See also Mitchell v. United States*, 526 *U.S.* 314, 325–26, 119 *S.Ct.* 1307, 143 *L.Ed.*2d 424, 435–36 (1999).

We remand for a new administrative hearing because the DOC maintains the position in its brief that the privilege against self-incrimination is totally inapplicable once the defendant is convicted, even though he is appealing that conviction. The DOC's brief states: "Here, Lewis contends he does not wish to discuss the

very crimes of which he was convicted by a jury. Thus, the Fifth Amendment privilege protected by both *McKune* and *Bender* simply does not apply to his case."

At the same time, the DOC asserts that appellant was not penalized for asserting his privilege against self-incrimination. However, the record before us is not quite thorough and convincing in this regard. We conclude that the better course here is to order a fresh administrative hearing with clearly defined guidelines that the privilege expires only upon the denial of appellant's petition for certification, and hence upon the exhaustion of all direct appellate remedies.

Finally, we reject the appellant's two other points as clearly without merit and which do not merit discussion in a written opinion. *R.* 2:11–3(e)(1)(E). They are:

POINT II – *N.J.S.A.* 2C:47–8 AS INTERPRETED AND AS APPLIED TO REMOVE "GOOD TIME AND COMMUTATION TIME CREDITS" FROM APPELLANT IS VOID FOR VAGUENESS AND THEREFORE UNCONSTITUTIONAL.

A. *N.J.S.A.* 2C:47–8 As Applied To Appellant Violates Due Process And Is Unconstitutionally Vague Because It Fails To Define The Line Between The Phrase "Fully Cooperate" And "Lack Of Participation."

POINT III – IN THE ABSENCE OF COMPLIANCE WITH ADMINISTRATIVE PROCEDURAL ACT RULE–MAKING REQUIREMENTS, *N.J.S.A.* 2C:47–8 IS NOT ENFORCEABLE UNDER THE DUE PROCESS CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS.

We find nothing in this record to suggest the program for treatment of sex offenders is improperly administered, so long as a prisoner's constitutional right against self-incrimination is respected and he is not penalized by loss of institutional credits for asserting that right.

Remanded for a new administrative hearing.