CLD-196                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1184
_____

KEITH CAPERS,
                                 Appellant

v.

GOVERNOR OF NEW JERSEY; COMMISSIONER OF NEW JERSEY
DEPARTMENT OF CORRECTIONS; MEG A. YATAURO;
THE ATTORNEY GENERAL OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:12-cv-00900)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 7, 2013)
_____

OPINION
_____

PER CURIAM

    Keith Capers, proceeding pro se, appeals from the dismissal of his civil rights

complaint by the United States District Court for the District of New Jersey.  For the

reasons discussed below, we will grant Capers' motion for summary remand in part and will summarily affirm in part, vacate in part, and remand for further proceedings. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2000, Capers was convicted of multiple counts of aggravated sexual assault, kidnapping, and related offenses arising from an attack on his aunt. He was sentenced to an aggregate term of 38 years' incarceration, with an 85% period of parole ineligibility. At sentencing, the court further allowed Capers to be transferred to the Adult Diagnostic and Treatment Center for Specialized Sexual Offender Therapy (the "ADTC") prior to his release from prison if he was found eligible for treatment.

Capers asserts that in 2001, his name was wrongfully posted on New Jersey's sex offender registry. He also alleges that in 2004, a representative from the Attorney General's office used force to coerce him to agree to a transfer to the ADTC. Likewise, he states that in 2005, the Department of Corrections transferred him to the ADTC without conducting a complete psychological evaluation. Capers also alleges that Yatauro, the Administrator of the ADTC, punished him for not participating in treatment therapy by taking away his commutation credits,[1] work credits, and special privileges, wrongfully denied his March 2009 request to be transferred out of the ADTC, and refused to provide him with a handicapped cell after he suffered a stroke. As relief,

---

[1] In New Jersey, good-conduct time is referred to as commutation time. See Lewis v. Dep't of Corr., 839 A.2d 933, 934 (N.J. Super. Ct. App. Div. 2004).

2

Capers asks for his name to be removed from the sex offender registry, physical therapy and psychological counseling, and monetary damages.

After filing his complaint, Capers sent a letter to the District Court asking that this matter be consolidated with his complaint filed in Capers v. Holtz, D.N.J. Civ. No. 1:04-cv-1347. The District Court denied his request to consolidate and dismissed his complaint sua sponte for failure to state a claim. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of Capers' request to consolidate actions for abuse of discretion. See Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Capers' claims regarding the posting of his name on the sex offender registry, his transfer to the ADTC, and the denial of his request to be transferred out of the ADTC are subject to New Jersey's two-year statute of limitations for personal injury claims. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); see also N.J. Stat. Ann. §

3

2A:14-2. However, federal law provides that his claims accrued "when [he had] a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007). Capers' claim regarding the sex offender registry accrued in 2001; his claims regarding his transfer accrued in 2004 and 2005; and his claim regarding his later request for transfer accrued in 2009. Therefore, the limitations period expired well before Capers filed his complaint in February 2012.[2]

To the extent that Capers' assertion regarding the failure to provide him a handicapped cell alleges an Eighth Amendment violation for inadequate medical treatment, we first agree with the District Court that Capers has not alleged any personal involvement by Yatauro in his medical treatment. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, Capers has failed to allege that anyone at the ADTC acted with deliberate indifference to his medical needs by "recklessly disregard[ing] a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (alteration in original); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indeed, Capers has acknowledged that the ADTC did provide him treatment for his stroke, as evidenced by the fact that he was taken to the hospital and then spent a few months in the medical unit at Southwoods State Prison before returning to the ADTC.

---

[2] We see no reason to apply New Jersey's tolling principle that allows for tolling of the limitations period "until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." Dique, 603 F.3d at 185 (internal quotation marks omitted). Capers' own allegations reveal that he was aware of his claims when the alleged wrongdoing occurred.

Nevertheless, in light of the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we believe that Capers' complaint contains "sufficient factual matter" to support the plausibility of his claim that his Fifth Amendment right against self-incrimination was violated because he lost progressive time credits for failing to speak about his crimes and participate in treatment therapy. The Fifth Amendment provides that no person "shall be compelled in any criminal [proceeding] to be a witness against himself." "Though a prisoner already may have been convicted and imprisoned, the Fifth Amendment still applies to ensure that [he] not be compelled to bear witness against himself or to divulge information that might incriminate him in future criminal proceedings." Roman v. DiGuglielmo, 675 F.3d 204, 210 (3d Cir. 2012) (citing Minnesota v. Murphy, 465 U.S. 420, 426 (1984)). This right, however, does not apply in the absence of compulsion. See Lefkowitz v. Cunningham, 431 U.S. 801, 806 (1977).

In McKune v. Lile, 536 U.S. 24 (2002), a plurality of the Supreme Court held that no Fifth Amendment violation occurs when a prison's imposition of sanctions—specifically, a reduction in privileges and a transfer to a more secure facility—is based on a prisoner's refusal to participate in a sex offender treatment program that required an admission of guilt. Id. at 35-39. Justice O'Connor, whose opinion controls,[3] noted that punishments such as "longer incarceration or execution" would surely implicate a prisoner's liberty interest. Id. at 52, 53 (O'Connor, J., concurring). The McKune

5

plurality specifically found no Fifth Amendment violation because the inmate's decision did not "affect his eligibility for good-time credits or parole." Id. at 38; see also id. at 52 (O'Connor, J., concurring). But see Searcy v. Simmons, 299 F.3d 1220, 1227 (10th Cir. 2002) (finding no compulsion when an inmate lost the "mere opportunity to earn good time credits").

Here, Capers' allegation that he has lost work credits and special privileges for failing to participate in treatment does not rise to the requisite level of compulsion to state a claim for a Fifth Amendment violation. See Renchenski v. Williams, 622 F.3d 315, 334-35 (3d Cir. 2010) (noting that the loss of a prison job, a reduction in prison wages, and the loss of privileges does not constitute compulsion). His complaint also alleges that he lost commutation time because he refused to participate in treatment. To the extent that Capers is seeking damages for already-lost commutation time, his § 1983 claim is barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997); Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007).[4] Likewise, any claim for declaratory relief that the procedures employed by the ADTC resulting in the loss of commutation time violated

---

[3] See Roman, 675 F.3d at 212 n.5.
[4] To the extent that Capers challenges his loss of commutation time and seeks restoration of that time, he must do so in a habeas petition pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Furthermore, Capers must exhaust his available state court remedies prior to seeking federal habeas relief for this loss. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Brown v. Fauver, 819 F.2d 395, 397-99 (3d Cir. 1987).

due process is not cognizable under § 1983, as such a claim would "necessarily imply the invalidity of the punishment imposed." Edwards, 520 U.S. at 648.

However, to the extent that Capers seeks an injunction to prevent future losses of commutation time, he might be able to proceed. "Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983." Id. at 648; see also Whitlock v. Johnson, 153 F.3d 380, 389 (7th Cir. 1998) (affirming the district court's grant of prospective injunctive relief under § 1983 and noting that "an injunction to restore revoked good-time credits may only be sought in habeas corpus proceedings"). Given leave to amend, Capers may be able to sufficiently plead more specific facts to support the plausibility of a clam that the threatened future loss of commutation time for his failure to participate in treatment constitutes a Fifth Amendment violation.[5] While we express no view as to whether Capers will eventually plead meritorious claims or whether defenses will prove to be dispositive, his complaint provides adequate notice of his claim.

IV.

For the foregoing reasons, we grant Capers' motion for summary remand in part and will summarily affirm in part and vacate in part the District Court's order dismissing

---

[5] We leave it to the District Court to determine in the first instance whether such a properly pleaded claim would be barred by the rule of Heck and Edwards.

Capers' complaint and remand for further proceedings consistent with this opinion.[6]  See

3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[6] We further agree that the District Court did not abuse its discretion in denying Capers' request to consolidate the underlying case with the action at D.N.J. Civ. No. 1:04-cv-1347.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (management of its docket is committed to the sound discretion of the district court).  Not only had the other action been dismissed, but the divergent issues presented in the two suits counseled against consolidation.