**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3934-23

CAPE JETTY, LLC,

      Plaintiff-Appellant,

v.

CITY OF CAPE MAY, CAPE MAY
CITY PLANNING BOARD, and
CAPE MAY CITY COUNCIL,

      Defendants-Respondents,

and

CRAIG VERSTEEG, LISA
VERSTEEG, NICHOLAS
GRISANTI, CAMILLE
GRISANTI, JOSEPH SCHLITZER,
NANCY SCHLITZER, SCOTT
MASLOW, BOBBI STOKES, JAY
KLOOSTERBOER,
and BARBARA ZICCARI,

      Intervenors-Respondents.

_____

Argued October 22, 2025 – Decided November 3, 2025

Before Judges Mayer, Paganelli and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0083-22.

Peter A. Chacanias argued the cause for appellant (Hyland Levin Shapiro LLP, attorneys; Robert S. Baranowski, Jr. and Peter A. Chacanias, on the briefs).

Richard M. King, Jr., argued the cause for respondent Cape May City Planning Board (KingBarnes, LLC, attorneys; Richard M. King, Jr. and Marisa J. Hermanovich, on the brief).

Intervenors have not filed a brief.

PER CURIAM

Plaintiff Cape Jetty, LLC (Cape Jetty) appeals from a July 1, 2024, order and final judgment finding the denial of its request for an extension (Extension Request) of a 2019 site plan approval (2019 Approval) by defendant Cape May City Planning Board (Board) was not arbitrary, capricious, or unreasonable. We affirm.

The underlying facts are set forth in our prior decision. See Cape Jetty, LLC v. Cape May City Plan. Bd. (Cape Jetty I), No. A-1418-22 (App. Div. Apr. 8, 2024), certif. denied, 259 N.J. 322 (2024). In that case, we affirmed the portion of the trial judge's November 30, 2022 order finding the Board's denial of Cape Jetty's 2021 development application was not arbitrary, capricious, or unreasonable. See Cape Jetty I, slip op. at 18. We also affirmed the judge's

2

determination that Cape May City Code § 417-6(G) was valid and did not contravene N.J.S.A. 40:55D-52. Id. at 23-24. Additionally, we affirmed the judge's finding that the Board did not err in determining Cape Jetty's 2019 Approval expired. Id. at 22-23.

Cape Jetty filed a petition for certification in Cape Jetty I, which the New Jersey Supreme Court denied. 259 N.J. 322 (2024). Thus, the issues resolved in Cape Jetty I cannot be relitigated in the present appeal. See Lewis v. Dep't of Corr., 365 N.J. Super. 503, 506 (App. Div. 2004) (stating the "appellate process . . . was . . . final [when the appellant's] petition for certification was denied").

However, we remanded one issue in Cape Jetty I to the trial court. Because the parties "agree[d] the judge had the complete record related to Cape Jetty's Extension Request," we remanded for the judge to determine whether the Board's denial of the Extension Request was arbitrary, capricious, or unreasonable. Cape Jetty I, slip op. at 25-26.

On remand, the judge found the Board's denial of Cape Jetty's Extension Request was not arbitrary, capricious, or unreasonable. In a sixteen-page memorandum of decision, the judge reasoned Cape Jetty "decided to pursue an amended application rather than pursue building permits." Additionally, the

3

judge stated "[n]othing in the [Municipal Land Use Law, N.J.S.A. 40:55D-1 to -163,] compelled the Board to grant the Extension Request absent Cape Jetty demonstrating good cause to extend the 2019 Approval." The judge explained Cape Jetty "did not produce a witness to testify why [it] w[as] unable to obtain a building permit in two years" and instead "relied on the procedural history before the [B]oard."

The judge found the Board's memorializing resolution, denying the Extension Request, "provide[d] sufficient findings of fact and conclusions of law to support the Board's vote to deny [Cape Jetty']s application." Responding to Cape Jetty's argument that the Board failed to provide reasons for denying its Extension Request, the judge stated:

> The Board found that [Cape Jetty] failed to produce sworn testimony or any evidence to inform the Board why the 2019 App[roval] was not advanced toward a building permit in the last two years. The [c]ourt therefore had no record to grant the extension in light of the policy expressed in [the City Code]. . . .
>
> . . . .
>
> The [c]ourt finds the Board's [R]esolution does contain sufficient reasoning as to why [Cape Jetty] was denied an Extension Request. Namely, because [it] failed to supply the record with evidence to support [its] request. Accordingly, the [c]ourt finds that the Board's resolution is not deficient.

4

On appeal, Cape Jetty contends the Board's denial of its Extension Request was arbitrary, capricious, and unreasonable. Specifically, Cape Jetty argues the Board's decision was unreasonable because: 1) the record did not support the Board's conclusion that Cape Jetty's 2019 Approval expired and 2) Cape Jetty's 2019 Approval fully complied with Cape May's zoning ordinances and, therefore, the Board's denial of the Extension Request is not entitled to deference. Cape Jetty also argues the doctrines of res judicata and law of the case do not preclude its claims.

We review a trial judge's decision regarding the validity of a municipal board's determination applying the same standard as the trial court. Jacoby v. Zoning Bd. of Adjustment, 442 N.J. Super. 450, 462 (App. Div. 2015). "[C]ourts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law." Lang v. Zoning Bd. of Adjustment, 160 N.J. 41, 58-59 (1999).

In reviewing decisions by local boards, courts are mindful that the Legislature vested boards with discretion related to decisions reflecting the character and level of development within their community. See Booth v. Bd. of Adjustment, 50 N.J. 302, 306 (1967). A board's decisions are accorded a

rebuttable presumption of validity.  Harvard Enters., Inc. v. Bd. of Adjustment, 56 N.J. 362, 368 (1970).  Additionally, a board's decision "may be set aside only when it is 'arbitrary, capricious[,] or unreasonable.'"  Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002) (quoting Medici v. BPR Co., 107 N.J. 1, 15 (1987)).

"[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion."  Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 597 (2005).  "The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record."  Ibid.

"[W]hen a party challenges a . . . board's decision through an action in lieu of prerogative writs, the . . . board's decision is entitled to deference."  Kane Props., LLC v. City of Hoboken, 214 N.J. 199, 229 (2013).  The burden is on the challenging party to overcome this highly deferential standard of review.  Price v. Himeji, LLC, 214 N.J. 263, 284 (2013).

The court may not substitute its judgment over the judgment of the local board absent a clear abuse of discretion.  Cell S., 172 N.J. at 81-82.  "Even were [the court] to harbor reservations as to the good judgment of the local land use

A-3934-23

agency's decision, 'there can be no judicial declaration of invalidity in the absence of clear abuse of discretion by the public agencies involved.'" CBS Outdoor, Inc. v. Borough of Lebanon Plan. Bd./Bd. of Adjustment, 414 N.J. Super. 563, 577 (App. Div. 2010) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965)).

Cape Jetty relies on the United States Supreme Court's decision in Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024), overruling Chevron U.S.A. Inc. v. Natl. Res. Def. Council, Inc., 467 U.S. 837 (1984), in asserting the Board's denial of the Extension Request is not entitled to deference. However, "Loper Bright is not binding on" New Jersey courts, particularly when the courts are reviewing decisions by state and local agencies on matters of state and local law. Bd. of Educ. of Sparta v. M.N., 258 N.J. 333, 343 n.4 (2024). Unlike federal courts, New Jersey courts continue to accord significant deference to municipal board decisions.

Having reviewed the record, we are satisfied the judge properly upheld the Board's denial of Cape Jetty's Extension Request. A developer is required to

> prove[] to the reasonable satisfaction of the board that the developer was barred or prevented, directly or indirectly, from proceeding with the development because of delays in obtaining legally required

approvals from other governmental entities and that the developer applied promptly for and diligently pursued these approvals.

[N.J.S.A. 40:55D-52(d).]

Here, Cape Jetty declined to provide any testimony or evidence to justify the delays in pursuit of its 2019 Approval. At the Board's hearing on Cape Jetty's Extension Request, Cape Jetty's attorney stated no witnesses or evidence would be presented in support of the Extension Request. Instead, Cape Jetty's attorney advised that Cape Jetty would rely on "procedural history" to meet its burden. In the absence of any evidence presented to the Board regarding the delay in proceeding with its development, Cape Jetty failed to meet its burden to be entitled to the Extension Request.

To the extent we have not addressed any of Cape Jetty's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3934-23